Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9389 | **DATE** | 3/12/2004 |
| **CASE TITLE** | Loeffel Steel Products, Inc. vs. Delta Brands, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Memorandum Opinion and Order entered. Motion of Third-Party Defendant Industrial Magnetics, Inc. for Partial Summary Judgment [#47] is hereby **granted in part** and **denied in part**. Count II of the Complaint is dismissed. All other counts remain. /AK

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 15 2004 date docketed | 63 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | JXM docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 3/12/2004 date mailed notice | |
| FT/pcm | courtroom deputy's initials | | FT mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 1 5 2004

Loeffel Steel Products, Inc., )
 )
      Plaintiff, )
 )
v. )
 )
Delta Brands, Inc. d/b/a/ DBI; )
Samuel F. Savariego, )
 )
      Defendants. )
_____ )
 )
Delta Brands, Inc., )
 )
      Counter-Plaintiff, )   No. 01 C 9389
 )
v. )   Magistrate Judge
 )   Arlander Keys
Loeffel Steel Products, Inc., )
 )
      Counter-Defendant. )
_____ )
 )
Delta Brands, Inc. )
and Samuel Savariego, )
 )
      Third-Party )
      Plaintiffs, )
 )
v. )
 )
Industrial Magnetics, Inc., )
 )
      Third-Party )
      Defendant. )

**MEMORANDUM OPINION AND ORDER**

In this diversity action, Third-Party Defendant, Industrial Magnetics, Inc. ("IMI"), moves for partial summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the

1

reasons set forth below, the motion is GRANTED in part and DENIED in part.

## BACKGROUND FACTS

IMI is a Michigan corporation that produces and sells magnets for use in industrial machinery. IMI sold Third-Party Plaintiff, Delta Brands, Inc. ("DBI"), magnets that DBI incorporated into equipment manufactured for Plaintiff, Loeffel Steel Products, Inc. ("Loeffel"). When the equipment malfunctioned, Loeffel initiated the present action against DBI. In response, DBI brought a third-party complaint against IMI, alleging that IMI misrepresented the magnets' capabilities and must, therefore, share in DBI's liability, if any. IMI now moves for partial summary judgment. The following facts are relevant to the issues raised in IMI's motion.

Sometime in mid-1999, DBI requested that IMI's regional sales representative, Jim Branch, provide pricing information for certain magnets. On June 22, 1999, Mr. Branch sent DBI a written proposal describing the requested magnets and their possible uses ("June Proposal"). The June Proposal also included a terms and conditions page that included conspicuous warranty disclaimers.

Months later, Mr. Branch again visited DBI's office. DBI informed Mr. Branch that it needed more magnets for a number of new applications, including the Loeffel project. Mr. Branch drew up a quotation, explaining pricing and payment terms for the requested magnets ("Branch Quotation"). The Branch Quotation described the same magnets referenced in the June Proposal, but was not

2

accompanied by any warranty disclaimers.

On May 10, 2000, DBI issued a purchase order requesting the magnets described in the Branch Quotation ("Purchase Order"). The Purchase Order included certain terms and conditions intended to govern the purchase, including a provision expressly providing for implied warranties. DBI claims that it hand-delivered the Purchase Order to Mr. Branch. IMI disputes this, and claims that it cannot locate the Purchase Order in its archived files.

IMI shipped the ordered magnets, and DBI incorporated them into Loeffel's equipment. When Loeffel brought the present action, DBI filed a third-party complaint against IMI, raising the following claims: Indemnity (Count I), Contribution (Count II), Breach of Contract (Count III), Breach of Express Warranty (Count IV), Breach of Implied Warranty of Fitness for a Particular Purpose (Count V), and Breach of Implied Warranty of Merchantability (Count VI). IMI now moves for summary judgment on the implied warranty counts (Counts V and VI). IMI argues that DBI is collaterally estopped from pursuing these claims, and also that the parties' contract conspicuously disclaims implied warranties. IMI also moves to dismiss the contribution claim (Count II), arguing that DBI's contract-based complaint precludes tort-based remedies.

## STANDARD OF REVIEW

The court will grant summary judgment only if the pleadings and supporting documents show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter

3

of law. Fed.R.Civ.P. 56(c) (2003). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the Court views the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *Shank v. William R. Hauge, Inc.*, 192 F.3d 675, 681 (7th Cir. 1999).

The moving party in a motion for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party's burden is met, then the nonmoving party must set forth specific facts showing that there is a genuine issue for trial in order to survive summary judgment. *Schacht v. Wisconsin Dep't of Corrs.*, 175 F.3d 497, 504 (7th Cir. 1999). In a summary judgment proceeding, the Court will disregard all facts not properly supported by the record. *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997).

DISCUSSION

1.  Implied Warranties (Counts V and VI)

IMI presents two arguments against Counts V and VI. First, IMI claims that DBI is collaterally estopped from litigating the issue of implied warranties because previous litigation conclusively decided the matter. Next, IMI claims that the June Proposal expressly and conspicuously waived all implied warranties.

4

A. Collateral Estoppel

The doctrine of collateral estoppel bars relitigating identical issues decided by a previous adjudication. *Kunzelman v. Thompson*, 799 F.2d 1172, 1176 (7th Cir. 1986). IMI claims that the validity of IMI's warranty disclaimers was previously litigated and decided in *Caine Steel of Michigan, Inc. v. Delta Brands, Inc.*("*Caine Steel*"). In *Caine Steel*, DBI filed a similar third-party complaint against IMI after suit was brought against DBI for selling defective equipment. On September 23, 2003, the court recognized IMI's disclaimers, and dismissed DBI's implied warranty claims. IMI argues that the *Caine Steel* decision bars DBI's present claims. The court disagrees.

The above-referenced decision is not accompanied by reasoning or citations to authority. Rather, the half-page order states that the decision was based on reasons stated "more fully on the record at a hearing held on September 23, 2003." As IMI has not supplied the transcript from this hearing, the court is unable to determine if the disputed issues were identical to those surrounding the present dispute. While it may be true that the complaints in each case are similar, this alone cannot decide the matter. Without further insight into what prompted the judge's actual decision, the court cannot accept IMI's assertion that the *Caine Steel* decision turned on identical issues.

Moreover, DBI provides evidence demonstrating that the present case involves a key issue that was not disputed in *Caine Steel*. In

5

that case, the parties agreed that the terms of the controlling offer included implied warranty disclaimers. See DBI's Statement of Material Facts, Ex. F. Here, DBI disputes that the relevant offer contained any such disclaimers. Because the two cases differ in this one significant respect, they do not share identical issues, and IMI cannot invoke collateral estoppel to bar DBI's implied warranty claims.

B.  Implied Warranty Disclaimers

IMI also argues that the terms of the June Proposal expressly and conspicuously disclaimed all implied warranties. While DBI does not dispute that the June Proposal contained conspicuous waivers, DBI advances two positions as to why the disclaimers are without force. First, DBI claims that waivers were not part of the parties' bargain because DBI based the Purchase Order on the Branch Quotation and not the June Proposal. Alternatively, DBI claims that, even if the parties' contract incorporates the terms of the June Proposal, the Purchase Order contained conflicting provisions that cancel out the disclaimers.

Neither party disputes that a contract was formed when DBI issued the Purchase Order. But the parties disagree as to what constituted the controlling offer. DBI argues that the Branch Quotation is the relevant offer, whereas IMI argues for the June Proposal. IMI characterizes the Branch Quotation as a "mere confirmation" of the June Proposal and not a separate offer inviting DBI's acceptance. While IMI is certainly free to advance this

position at trial, the court finds that the Branch Quotation exhibits enough characteristics of a definite proposal to create a genuine dispute of material fact regarding whether it constituted the controlling offer.

The Branch Quotation contains definite terms, including specifically described subject matter, quantity, and pricing information. Additionally, the Branch Quotation invites DBI's acceptance, as it sets forth the required payment schedule. Lastly, the Branch Quotation fails to reference the June Proposal. If the Branch Quotation was merely a confirmation of a prior offer, it would be reasonable to expect at least some reference to the June Proposal. Based on these observations, the court finds that the Branch Quotation could serve as the controlling offer. If it does, then IMI's warranty disclaimers would not apply to the subject transaction.

But even assuming that the July Proposal's terms were incorporated into the contract, the court would still find that a dispute of fact exists as to whether the warranty disclaimers survived DBI's acceptance. This is because the Purchase Order provides its own warranty provisions that directly conflict with IMI's terms and conditions excluding such warranties.[1] Under relevant law, conflicting warranty provisions cancel each other out,

---

[1] Although IMI claims that it has no record of receiving the Purchase Order's terms and conditions page, the court must accept DBI's version of the events at this stage of the proceedings. IMI will, of course, have an opportunity to disprove DBI's version at trial.

7

and neither become part of the contract. *Challenge Mach. Co. v. Mattison Mach. Works*, 359 N.W.2d 232, 236-37 (Mich. App. 1984).[2] Applying this principle here, the conflicting implied warranty provisions would knock each other out, and the parties' contract would be silent with respect to implied warranties. In such a case, the court would look to the Uniform Commercial Code to determine whether the sales transaction gave rise to implied warranties. *Id.* at 237. The parties do not address this latter issue, and resolution of this factual question is better left for trial.

In sum, the court finds that DBI has presented sufficient evidence to raise a dispute of material fact as to whether the June Proposal's warranty disclaimers were made part of the contract. Even assuming that they were, a dispute of material fact exists as to whether the Purchase Order's conflicting terms knocked out the disclaimers, and whether implied warranties arose by operation of law. Accordingly, Counts V and VI may stand.

2. Contribution (Count II)

IMI argues that DBI cannot bring a tort-based contribution claim because the third-party complaint sounds entirely in contract. IMI is correct that a tort claim cannot be maintained when a contractual agreement exists and no separate and distinct duty from the contractual obligation is established. *See Sherman v. Sea Ray*

---

[2] The June Proposal states that Michigan law governs the transaction, and DBI does not dispute that it would apply.

*Boats, Inc.*, 649 N.W.2d 783, 788-89 (Mich. App. 2002).[3] Here, DBI's complaint focuses solely on its disappointed contractual expectations. DBI does not allege that IMI engaged in any tortious behavior, or that IMI's conduct established a separate and distinct duty beyond its contractual obligations. Because DBI has not presented any argument as to why the court should impose tort liabilities on the parties' contractual relationship, the contribution claim must fail.

## CONCLUSION

IT IS THEREFORE ORDERED that IMI's Motion for Partial Summary Judgment be, and the same hereby is, GRANTED in part and DENIED in part. Count II is dismissed. All other counts remain.

DATED:     March 12, 2004          ENTER:

                                        */s/ Arlander Keys*
                                      ARLANDER KEYS
                                      United Stats Magistrate Judge

---

[3] The court has cited Michigan law based on IMI's uncontroverted claim that Michigan law controls the issue.